We move to the last case this morning, Market Street Bancshares v. Federal Insurance Company. Good morning, Your Honors. My name is John Hundley, and I represent the appellants in this case. This is a case regarding the interpretation of an insurance contract. People's National Bank contends a claim made to Federal Insurance Company in February 2016 should have been defended. Federal disagrees. Given that disagreement and the then-recent warning of this court in National American Insurance Company v. Artisan and Truckers Casualty Company, Federal knew that the law gave it three options when it received that claim. Defend people with a reservation of rights, promptly commence a declaratory action, or do neither and risk estoppel. Federal chose to risk estoppel, and despite the express warning of this court in the Artisan's case, and this court should find that Federal has now stopped from denying coverage. In February 2016, People's was in the midst of a trial charged with breaching a contract it entered into in October of 2001. That agreement related to the manner in which proceeds from a letter of credit were to be handled. However, during the trial, the Newmans, who had sued People's on the letter of credit issue, brought in evidence of damages relating to a separate contract, the pledge agreement. That pledge agreement dealt with a wholly separate issue between the Newmans and the original plaintiffs in the case, and in it, People's was merely an escrow agent. The judge in the underlying action ruled the damages under the March 2001 pledge agreement somehow related to the breach of the October 2001 letter of credit proceeds agreement. However, the Illinois appellate court disagreed. The appellate court found that a breach of the pledge agreement never had been pleaded and was an absolutely new claim. It found that allowing evidence relating to the pledge agreement was a violation of People's due process rights. The district court faced its decision on the to the letter of credit proceeds agreement. It found that People's claim for coverage on the pledge agreement was related to the letter of credit proceeds litigation and barred by the policies related claims defense. When Federal denied the defense to People's, it also relied upon the trial court's ruling. Its denial letter, issued shortly after that on the pledge agreement, was related to the old claim, which was the letter of credit proceeds agreement. Federal's reliance on the state trial court's decision was misplaced as the appellate court's reversal evidence, and it caused Federal to breach its contract to defend. Today, nearly four years after it received the 2016 claim, Federal has yet to do anything or to contribute the first dime to People's defense, and Federal only sought declaratory relief when it was forced to answer People's declaratory complaint, 12 months after Federal received notice of the claim. Because of those actions or inactions, Federal is stopped from asserting policy defenses under employer's insurance versus Elko liquidating trust and many decisions of this court as well. Federal relied upon a policy defense when it denied People's claim. Its denial letter said People's claim was related to the letter of credit proceeds agreement and thus arose prior to the inception of the policy under the related claims defense. But People's did not seek a defense or indemnification on the letter of credit proceeds agreement claims. People's claim was for damages alleged in 2016 under the pledge agreement. Because the duty to defend is much broader than the duty to indemnify, Federal's refusal to defend coupled with the appellate court's reversal means that Federal now should be stopped from denying coverage. That's because Federal may rely on a policy defense only if it has not breached its promise to defend, which it clearly has. The district court avoided stopping Federal by relying on the policy defense in determining whether there was coverage under the policy in the first place. It ruled that Federal did not breach its policy because there was no coverage under the related claims defense, which Federal was to stop from asserting. And this poses the issue, may an insurer or an insurer fails to defend when it should have, Estoppel, quote, operates to bar the defenses to coverage, even those defenses that may have been successful had the insurer not breached its policy, breached its duty to defend, close quote. The district court's approach under which you estop the insurer only if it would have lost anyway means the Estoppel doctrine has no teeth. In addition to the Estoppel issue, the district court was wrong on the related claims matter for at least three more reasons. First, it's ruling on the related claims issue cannot be squared with the appellate court's holding that the 2016 claim was new and unrelated to the letter of credit proceeds claim. And as the Artisans case indicates, these are issues of state law. Second, the district court applied the logical relation test, even though the policy called for a causal relationship, which Federal Court in essence admits did not exist. And third, as we show in our briefs, the claims weren't logically related in any case. Alternatively, the court below relied upon the 2016, ruled that the 2016 claim was not a claim under the law. The district court found it under this court's unpublished order in the Community Foundation case. The third party complaint in 2003 commenced a action as a whole, and all claims asserted in the case were a part of that event. It held that because 2003 was before inception of the policy, there was no coverage. We believe that that's incorrect for four reasons. First, community-concerned quote, subsequent variations of the same claim. Here we do not deal with a variation on the same claim. Here we deal with a claim so new and unrelated that the Illinois appellate court said that the mere allowing of it to be brought was a due process violation. Second, community-opposed liability for claims the insurer could not assess. This is because in community, the insurer lied about the matter when it applied for coverage. Here, people disclosed the underlying suit at the outset. Everybody knew about it. Third, the district court's decision which denies one of the insurance coverage even before the relevant claim has been made, in our view, violates due process. Fourth, under the lower court's interpretation of community, defendants would have to tender to insurers all cases filed against them even if there's no covered claim for fear that someday a covered claim may be asserted. That's absurd and it's contrary to Illinois law. Now, there's also an issue in the case regarding the prior pending case, but I see I've gone over the amount of time that I intended to reserve the remainder for rebuttal. Thank you. Thank you, counsel. Good morning, Your Honors. Chris Wadley for Federal Insurance Company. May it please the court. Your Honors, we ask that the court affirm the trial court's judgment in Federal's favor, and I'd like to make four points in support. Number one, the trial court's decision was correct because the claim in this case was the civil proceeding that was commenced against peoples more than 11 years before the policy incepted. Second, the closing argument, to the extent that the closing argument constituted a separate claim, notwithstanding the fact that it was made in the context of that civil proceeding that had been filed 11 years prior, to the extent that that was a separate claim, it arose out of related transactions and therefore should be deemed a claim first made when the initial complaint was, when the complaint was filed. Third, the prior impending litigation exclusion neither creates coverage nor creates any ambiguity in the interpretation of the policy. And fourth, estoppel does not apply in this situation. So first, with respect to my first point, that the claim was a civil proceeding commenced well before the policy incepted. The policy covers only claims that are first made during the policy period, which began April 15th, 2015. A claim is defined in the policy to include, among other things, a civil proceeding commenced by a complaint. The insuring agreement goes, or the definition of claim goes on to state that the claim is deemed first made when it's commenced, when the civil proceeding is commenced. In this case, the civil proceeding was commenced in 2003. That initiated the civil proceeding as a whole, including everything that happened in the context of that civil proceeding. And that is consistent with not only this court's decision in community foundation, and we didn't start the fire of citing a pre-January 1, 2007 order. That was the trial court below, but it's been talked about enough that we're comfortable citing it because it's been discussed. But beyond community foundation, the reasoning in community foundation is sound, and it's also been applied in other cases. I would point the court to National Union v. Willis, a 5th Circuit, 2002 opinion. That's a case where it didn't cite community foundation, but almost verbatim used the reasoning from community foundation. In that case, there was a complaint initiated pre-policy period, amended complaint filed during the policy period. The court said an amended complaint is not the initiation of a new, it's not the proceeding, and therefore not a new claim. And then also Great American v. C. Shepard, which is a Western District of Washington case. That case did cite community foundation. In fact, Peoples doesn't cite a single case to the contrary. There's not a single case out there where you have a definition of claim that includes the commencement of a civil proceeding wherein a court has held that some filing, some pleading in the course of that civil proceeding gives rise to a separate claim under a claims-made policy. Again, in this case, we were always dealing with the same complaint. We were always dealing with the same claim, the civil proceeding that was filed 11 plus years before the policy incepted. Now, of course, they made an argument in closing arguments that they were entitled to certain damages, and ultimately, the appellate court, the Illinois appellate court ruled that those damages were out of bounds, that they were not, that they weren't framed properly by the pleading. But the point is that the claim that was made, the claim that was litigated was the claim that was framed by that complaint that was filed 11 plus years before the policy period incepted. And that makes sense because if you're to go down the road of saying every demand made in the context of a civil proceeding is a separate claim, then a single civil proceeding theoretically could give rise to innumerable claims. Every motion that's filed, every argument that's made, everything made in the context of that civil proceeding theoretically could give rise to a separate claim and therefore trigger coverage under whatever policy is in effect at the time that demand or that claim is made. It's also contrary to the purpose of claims made policies, which is to easily identify the risks. And as this court pointed out in community foundation, it would be contrary to that purpose to then have the carrier have to cover the outgrowth of civil lawsuits that were filed before the policy was incepted. So that's point one, and we think the court can affirm on that basis alone. Second, if the court finds that this closing argument was a separate claim, it's related under the way that related claims is defined within the policy. The policy defines related claims to include all claims for wrongful acts that are based upon, arising from, or in consequence of the same or related facts, circumstances, situations, transactions, or events. So first we look at, okay, what were the facts, circumstances, situations, transactions, or events that gave rise to these two claims? And then we decide, okay, were those facts, circumstances, transactions related? And as this court recognized in Gregory v. Home Insurance Company, and it's actually not really disputed in any courts that have construed the term related, it's a broad, related is a broad word. It encompasses both causal and logical connections between facts, circumstances, etc. In this case, the original complaint and the closing argument arose out of facts, circumstances, situations, transactions, or events that were logically or causally connected to each other. Most significantly, both the letter of credit, which was the basis for the initial, for the complaint, and the pledge agreement entered into, they were both entered into in furtherance of the same transaction, the sale of new group to Amigos under the Memorandum of Understanding, and both claims arose out of Amigos default under the Memorandum of Understanding. The point was, both claims were based on this default that happened, and the claims, the arguments were that upon Amigos default, Peoples did two things that were wrong. Number one, they started to draw down the letter of credit in ways that it shouldn't have, and second, it failed to inform the Newmans of the default so that they could exercise their rights under the pledge agreement. But both arise out of those same underlying transactions, which are related to each other because they both pertain to the sale of new group to Amigos. And then the cases that Peoples cites to support a narrower interpretation are not persuasive. They're based on the reasoning of the Arizona court in Helmi, which was rejected both by the Illinois appellate court, most recently in Howard Hoffman, as well as this court in Gregory. The language is narrower. They're concerned. In those cases, the policy is phrased in terms of whether the claims arose out of related acts or omissions without further defining and further specifying what acts or, that the acts or omissions are related, if they arise out of related facts, circumstances, situations, transactions, or events, as our Howard Hoffman also rejected, that's the Illinois appellate court decision, rejected reliance on the cause test applicable to insurance policies. With respect to the prior pending litigation exclusion. Before we leave that subject, were those cases claims made policies or occurrence based policies? Howard Hoffman, I believe, was a claims made policy. The ones where they applied the cause test were generally occurrence based policies. Right. Part of the confusion in this case is maintaining the distinction between claims made insurance and occurrence based policies, which operate very differently, and the Estoppel argument in particular applies very differently depending on the context. That's exactly right. Okay, so there's cases on both that have been cited here. Right. But we have to keep that distinction. Exactly, and Peoples primarily relies on cases discussing about whether acts and omissions are related in the context of occurrence based policies. Right, and whether there's a covered occurrence. Exactly. And the Estoppel argument and the determination of duty to defend takes the allegations at face value, even if there's an arguable duty to defend, then Estoppel kicks in. Correct. And a declaratory judgment procedure needs to apply, but it applies very differently. That Estoppel argument under Illinois law with a claims made policy where the claim is clearly outside the policy period. Right. Which is what we've got here. Exactly. Bottom line there is if the insuring agreement isn't triggered, there's no duty to defend. If there's no breach of the duty to defend, there's no Estoppel. And then just briefly on the prior pending litigation exclusion, Judge Sykes, you pointed this out in the earlier argument today, you look at a policy, you look at the insuring agreement, then you go to an exclusion. They're trying to rely on an exclusion here to create coverage, which is not the way you interpret insurance policy. If it's not covered under the insuring agreement, you don't have to go to the exclusion because exclusions don't create coverage and they don't create ambiguity. So for all those reasons, we would ask that the court affirm the trial court's judgment in this case. Thank you. Thank you, counsel. I'd like to, excuse me, I'd like to respond to Judge Sykes' comments. This is a claims-made case. Some of the cases that we cited in our opening brief, we pointed out in analogous circumstances under claims-made policies. We, Illinois has ruled against claim amalgamation, we called it. We went on and pointed out a wide variety of cases where under claims-made policies, the related test has not been liberally construed. As we stated in our opening brief, the Illinois Supreme Court has not faced the related claims issue in a claims-made policy context. What I want to... And the Illinois case law doesn't always consistently maintain the distinction. That's correct. But what I wanted to... That doesn't mean we shouldn't. That's right. What I wanted to address was counsel's comments on the prior pending. Without... I'll give you a couple minutes. If I could, and if counsel wants to, sir, I would understand. But here we have a case where there is a prior pending clause that relates back to the date when people's occurrence coverage ended. And as we point out in our brief, the reason you do that is because otherwise there are gaps in coverage and you're uninsured when you convert from an occurrence policy to a claims-made policy. And the Keaton treatise and Mr. Jerry's treatise both explain why you do that. And they agreed to that when they sold the policy to us that we would have coverage going back to February 1, 2001. All the arguments about the single claim, all the arguments about the related claims, go out the window when you realize that the claims that they're talking about accrued in February of 2003, well after that date. We pointed out in our brief rules of construction that apply if you find that those clauses create an ambiguity or conflict. But here we rely seriously upon the prior pending clause because we bought insurance back to 2001, they charged for insurance back to 2001, and we should have insurance back to 2001. Thank you, Judge. Thank you, counsel. Do you have any comments you want to make? I have nothing. Thank you. Thanks to both counsel and the cases taken under advisement.       Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you.